UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RACHEL BRAGG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.: |
| ELSA RESTAURANT GROUP LINCOLN LLC, | ) ) ) ) |
| Defendant. | ) ) ) / |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Rachel Bragg ("Plaintiff" or "Bragg"), through the undersigned counsel, and files her Complaint and Demand for Jury Trial against Defendant, Elsa Restaurant Group Lincoln LLC ("Defendant" or "Elsa Group") and in support, she states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended ("Title VII"), and the Illinois Human Rights Act, 775 ILCS 5/1-101, to redress Defendant's unlawful employment practices against Plaintiff., which includes Defendant's unlawful sex discrimination and severe and pervasive sexual harassment against Plaintiff and Defendant's unlawful retaliation against Plaintiff for her protected complaints of sex discrimination and severe and pervasive sexual harassment, leading to Plaintiff's unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's rights under Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under the Illinois Human Rights Act pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, Bragg, is a citizen of the United States, and is and was at all times material, a resident of the state of Illinois, residing in Logan County.

6. Defendant, Elsa Group, is a domestic for-profit corporation with its principal place of business in Lincoln, Illinois.

7. Defendant does business in this judicial district, and Plaintiff worked for Defendant at its 1200 Woodlawn Rd., Lincoln, Illinois 62656 location.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees. Defendant employed approximately 56 employees at the time of Plaintiff's termination.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On May 24, 2021, Plaintiff dual-filed a claim with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), against

Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on sex, sexual harassment, and retaliation.

11. Plaintiff's discrimination charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

12. On June 1, 2022, the EEOC issued to Plaintiff a Notice of Right to Sue.

13. This complaint was filed within ninety (90) days of issuance of the EEOC's Notice of Right to Sue.

**FACTUAL ALLEGATIONS**

14. Plaintiff began working for Defendant in late October 2020 and trained at another location before beginning work at Defendant in early November 2020, when Defendant opened the location Plaintiff worked at.

15. Plaintiff worked in a full-time capacity as an Assistant Manage/Store Manager/ Manager for Defendant.

16. Plaintiff's sex is female.

17. Defendant is a video gaming establishment that serves drinks and food.

18. Plaintiff's most recent Supervisor was John Gottschalk ("Gottschalk") (male), District Manager.

19. Cody Zhao ("Zhao") (male) is the owner of Defendant as well as other video gaming establishments.

20. Defendant has no policy on sexual harassment or retaliation posted anywhere at Defendant.

21. Plaintiff received no trainings or paperwork on sexual harassment and when she asked Gottschalk if there was a sexual harassment policy or policy on workplace relationships, he said there was not.

22. Plaintiff was sexually harassed by a co-worker/subordinate, ("Sullivan"), beginning sometime between November 8, 2020 and November 13, 2020 through November 17, 2020.

23. Plaintiff did not know Sullivan prior to working with him at Defendant.

24. Sullivan's sexual harassment of Plaintiff includes, but was not limited to:

   a. Sullivan spoke of a female co-worker's ("Jane Doe") breasts and how large her breasts were, how he wanted to put his face in her breasts, how her breasts bounced, how low cut her shirt was, and how they were bigger than his hands and she had, "more than a handful" when referencing Jane Doe's breasts. Sullivan was constantly making comments about Jane Doe's breasts to Plaintiff. Sullivan also said that the "white shirt she had on today, you could see her nipples". Sullivan also said she "should use a better support bra because her boobs were hanging out". Plaintiff tried to ignore Sullivan and his sexual comments. If she said anything back to Sullivan it would get worse. If she ignored him, he would stop for a little bit and then pick back up and start making comments again a little later. Plaintiff stated that she told Sullivan to stop every time he sexually harassed her and told him that she was going to speak to Gottschalk about his sexually harassing behavior.

   b. Sullivan sexually harassed Plaintiff by constantly asking her out, putting his hands on her and rubbing her shoulders, grabbing her arms, touching her hands, coming in early for his shift, and text messaging her. Sullivan would touch the

top of her hand/arm, massage Plaintiff's shoulders, stand close enough to Plaintiff so their arms touched, follow Plaintiff around the establishment, come behind the front desk while Plaintiff was working, get close to Plaintiff and smell her hair. Plaintiff told Sullivan this behavior was inappropriate, and she did not like it and that there was never going to be a relationship outside of work. Plaintiff then told Sullivan it was against the work policy for employees to date because he was not getting the message. Then Plaintiff said she was going to talk to Gottschalk about the behavior and that she did not appreciate the comments about her or other women. Sullivan made the following comments to Plaintiff: "she (Plaintiff) would be good in bed"; she was "looking good"; her "jeans fit perfect"; and "she smelled really good". Sullivan kept wanting to take Plaintiff out on a date, and said they, "would be good friends", and "could be friends with benefits". Plaintiff told Sullivan to stop every time he sexually harassed her and that what he was doing was sexual harassment and she would be talking to Gottschalk about it.

25. Plaintiff complained to Defendant's management (Gottschalk) of the sexual harassment on November 13, 2020 and twice on November 16, 2020 (before and after she was sexually assaulted by Sullivan) but the sexual harassment continued.

26. Although Plaintiff was a Manager, she had no authority to discipline Sullivan or anyone else.

27. Defendant told Sullivan to '"keep it professional".

28. Sullivan was still sending Plaintiff overly friendly text messages and when Sullivan did talk to Gottschalk, Plaintiff got text messages from Sullivan '"cussing her out".

29. Plaintiff reported Sullivan sexually assaulting her in her car on November 16, 2020, directly after it happened and asked what she should do, and Gottschalk said he would, "'look into it" and wanted to do his own investigation and wanted her to send him the text messages Sullivan sent to Plaintiff.

30. Plaintiff asked if she needed to call the police and Gottschalk said it was not necessary.

31. Plaintiff spoke to Lincoln Police Department about the November 16, 2020.

32. Sullivan came into the work three (3) hours early for his shift on November 17, 2020, at which time Plaintiff told him to leave until his shift was to start; however, Sullivan refused to leave.

33. On November 18, 2020, Sullivan texted Plaintiff and told her he was coming in early. Plaintiff contacted Gottschalk about this. Plaintiff notified Gottschalk that she was not coming into work on November 18, 2020, because he had not fired Sullivan. Plaintiff ended up working on November 18, 2020 and completed a double shift (her shift and Sullivan's shift) so that she would not have contact with him on this date. Someone else covered Sullivan's shift on November 19, 2020, so that they would not have any contact with one another.

34. Plaintiff filed a report with Lincoln Police Department on November 19, 2020 because it took a few days for the detective to locate an address on Sullivan and she could not file a report until she had this information.

35. Plaintiff also filed a temporary restraining order against Sullivan on November 19, 2020.

36. Plaintiff's last day of work at Defendant was November 19, 2020, due to the Governor's mandatory shut down of business due to the Covid-19 pandemic.

37. Plaintiff saw on Facebook on January 9, 2021, that Defendant was hiring and sent a Facebook messenger message to Gottschalk stating she saw Defendant was hiring and was waiting to hear about her position at Defendant.

38. Plaintiff stated that Gottschalk sent her a message on January 10, 2021, stating that he would be contacting everyone as early as Monday.

39. Plaintiff was discharged on January 12, 2021, through Facebook Messenger by Gottschalk. The message stated, "(Plaintiff) (t)he owner, (Zhao) and I had a conversation this morning and he has decided that we will be going a different direction and will no longer need your services. I appreciate your time. (Gottschalk)".

40. Plaintiff was terminated because she filed protected sexual harassment complaints and Defendant's decision to not bring Plaintiff back was/is pretextual.

41. Plaintiff had no performance or discipline issues and Gottschalk had spoken to Plaintiff about a promotion as an Area Manager prior to Plaintiff's unlawful termination.

42. Plaintiff has been damaged by Defendant's unlawful conduct.

43. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Sex Based Discrimination in Violation of Title VII

44. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

45. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of Plaintiff's sex, female.

46. Defendant engaged in intentional sex discrimination in the terms and conditions of Plaintiff's employment including by not limited to Plaintiff's constructive discharge.

47. Defendant's conduct violates Title VII.

48. The Plaintiff has satisfied all statutory prerequisites for filing this action.

49. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

50. Defendant's unlawful conduct in violation of title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Intervenor's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count II: Sexual Harassment and Hostile Work Environment in Violation of Title VII**

51. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

52. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female.

53. Defendant's sexually harassing actions and comments were so frequent and severe that it created a hostile work environment.

54. The hostile work environment was objectively and subjectively offensive.

55. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-

confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

56. Defendant's unlawful conduct in violation of title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Intervenor's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count III: Retaliation in Violation of Title VII

57. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

58. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

59. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

60. Defendant's conduct violated Title VII.

61. As a direct and proximate result of Defendant's unlawful and discriminatory retaliation in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

62. Defendant's unlawful conduct in violation of title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Intervenor's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count IV: Sex Based Discrimination in Violation of the Illinois Human Rights Act

63. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

64. At all times relevant to this action, Plaintiff was in a protected category under IHRA because of Plaintiff's sex, female.

65. Defendant engaged in intentional sex discrimination in the terms and conditions of Plaintiff's employment including by not limited to Plaintiff's constructive discharge.

66. Defendant's conduct violates IHRA.

67. The Plaintiff has satisfied all statutory prerequisites for filing this action.

68. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of IHRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

69. Defendant's unlawful conduct in violation of IHRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count V: Sexual Harassment and Hostile Work Environment in Violation of the Illinois Human Rights Act**

70. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

71. At all times relevant to this action, Plaintiff was in a protected category under IHRA because of her sex, female.

72. Defendant's sexually harassing actions and comments were so frequent and severe that it created a hostile work environment.

73. The hostile work environment was objectively and subjectively offensive.

74. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of IHRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

75. Defendant's unlawful conduct in violation of IHRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count VI: Retaliation in Violation of the Illinois Human Rights Act

76. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

77. Plaintiff engaged in protected activity under IHRA while employed by Defendant.

78. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

79. Defendant's conduct violated IHRA.

80. As a direct and proximate result of Defendant's unlawful and discriminatory retaliation in violation of IHRA, Plaintiff has suffered and continues to suffer, lost wages, lost

benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

81. Defendant's unlawful conduct in violation of IHRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other, and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Eric Rogers**
Eric Rogers
Illinois Attorney Registration No. 6334599
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950

Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
eric.rogers@spielbergerlawgroup.com

*Counsel for Plaintiff*